**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-26948-BLOOM**

OSCAR OMAR RODRIGUEZ MANTILLA,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; DEREK GORDON, Acting Executive Associate Director, Homeland Security Investigations; MARCOS D. CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations; SIRCE E. OWEN, Director, Executive Office for Immigration Review; and WARDEN, Krome North Service Processing Center,

Respondents.
______________________________________/

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner Oscar Omar Rodriguez Mantilla's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. ECF No. [1]. Petitioner alleges that he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. *Id.* Petitioner states Respondents incorrectly detained him under 8 U.S.C. § 1225(b), denying him a bond hearing. *Id.* at 2–3. Petitioner argues that he is properly detained, if at all, under § 1226(a). *Id.* at 2–3. Petitioner seeks relief that includes a declaration that Petitioner is detained under § 1226(a), not § 1225(b), and, as such, Petitioner should be released immediately or, in the alternative, provided an individualized bond hearing within seven days of a court order. *Id.* at 23–24.

Respondents concede that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is entitled to a bond hearing under *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026). ECF No. [6] at 1. However, Respondents argue that the Petition should be dismissed for failing to exhaust available administrative remedies because Petitioner did not request a bond redetermination hearing, and requesting a bond hearing from an Immigration Judge would not be futile. *Id.* at 3–7.

Based on Respondents' acknowledgement that *Hernandez Alvarez* is binding and Petitioner is entitled to a bond hearing, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **GRANTED, in part** and **DENIED in part**.
2. If Respondents have not yet provided Petitioner with a bond hearing, within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.
3. Respondents must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.
4. If Respondents have already provided Petitioner with a bond hearing, **by November 12, 2026**, Respondents shall file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5. Petitioner may separately file a request for attorneys' fees and costs under the Equal Access to Justice Act (EAJA).
6. The Clerk of Court shall **CLOSE** this case.
7. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 9, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record